UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GROVER H. DAVIS,

    Plaintiff,

Case No. 1:07-CV-778

v.

Hon. Richard Alan Enslen

ST. JOSEPH COUNTY SHERIFF'S
DEPARTMENT, *et al.*,

**ORDER**

    Defendants.
_____/

Defendants, through counsel, have moved for a stay of discovery in light of their pending summary judgment cross-motion, which seeks dismissal and summary judgment based on qualified immunity. Plaintiff Grover H. Davis has opposed such motion on the ground that local governmental entities may be liable for unconstitutional conduct consistent with the United States Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and related case law.

While Plaintiff's citation to *Monell* is appropriate and while it is true that the summary judgment motions have yet to be adjudicated, this Court is bound by the Sixth Circuit Court of Appeals' decision in *Skousen v. Brighton High Sch.*, 305 F.3d 520 (6th Cir. 2002), which said:

> The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.,* 65 F.3d 1322, 1326 (6th Cir. 1995) (internal quotation marks omitted) (citing *Harlow,* 457 U.S. at 816, 102 S. Ct. 2727). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." *Id.* And although there is no question that *Johnson v.*

> *Jones* curtailed to some extent the reach of *Mitchell v. Forsyth,* there is also no question that *Mitchell's* principle that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery," *Mitchell,* 472 U.S. at 526, 105 S. Ct. 2806, still stands at the threshold of the qualified immunity analysis.

*Skousen*, 305 F.3d at 526-27.

Applying these principles, the Court believes that discovery should be stayed pending the resolution of the pending summary judgment cross-motion. This will protect the interests of these public officials while also allowing for later discovery, should Plaintiff's claims survive such review.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants St. Joseph County Sheriff's Department, *et al.*'s Motion for Stay of Discovery (Dkt. No. 77) is **GRANTED** pending the resolution of Defendants' Cross-Motion for Summary Judgment.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 26, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |