UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GROVER H. DAVIS,

      Plaintiff,

Case No. 1:07-CV-778

v.

Hon. Richard Alan Enslen

ST. JOSEPH COUNTY SHERIFF
DEPARTMENT, *et al.*,

**OPINION**

      Defendants.
_____/

This matter is before the Court on competing summary judgment and dismissal motions of the parties. Oral argument is unnecessary in light of the briefing received and the issues under review. *See* W.D. Mich. LCivR 7.2(d).

**BACKGROUND**

This suit was brought on August 13, 2007 by Plaintiff Grover H. Davis, proceeding *pro se* and *in forma pauperis*. Defendants include: The St. Joseph County Sheriff Department, Jim Hasbrouck, Steve Morris, Nicole Workman, Judy Buchner, Paul Martin, Eric VanHeukelum, Mark Books, Patty Kline, Matt Lori, Don Hertz, and Ed Rangler.

According to Plaintiff's Complaint, Plaintiff was housed in the St. Joseph County Jail on May 11, 2007 and was injured due to an assault by another inmate. (Compl. ¶¶ 9, 12, 16, 19 & 22.) Plaintiff sustained back injuries as a consequence of the assault. (*Id.*) According to Plaintiff, he endured cruel and unusual punishment at the hands of Defendants because they denied him medical care for the back injuries for over two days following the assault. (*Id.*) Plaintiff also asserts that Plaintiff sought continued care for chronic back pain from Defendants between February-March

2007 and April-July 2007. Plaintiff says that the denial of care was intentional and was based upon his race (African-American). (*Id.* at ¶ 13.) Plaintiff has also filed a general Affidavit together with a copy of his Complaint. The Court interprets the general Affidavit as a verification of the general allegations of the Complaint.

Both sides have filed completing summary judgment motions which have created a record pertinent to Plaintiff's medical treatment while in custody. This records shows that Plaintiff did receive treatment for back pain by medical staff assigned to the St. Joseph County Jail. This treatment included examination of his back and the prescription of some pain medication (Ibuprofin) and anti-inflammatory medication (Oxaprozin). (Def.s' Ex. 7 at 87.) It is noteworthy that the medical records of Plaintiff's May 10, 2007 evaluation revealed clinical signs which did not support aggressive treatment and which did support that Plaintiff was exaggerating his symptoms to receive Vicodin. (*Id.* at 93-94.) It further appears that Plaintiff was timely scheduled for medical treatment, consistent with community standards. (*See* Defs.' Br. at 15.) Thereafter, Plaintiff's back condition complaints were regularly reviewed by health care staff. (*See, e.g.,* Defs.' Ex. 7 at 104 (record of July 24, 2007, noting use of Ketroprofen as a pain reliever).) It further appears that the majority of Defendants, who are custodial staff, relied upon clinical judgment of the medical staff (Nurse Patti Kane) as to the treatment of Plaintiff's medical condition.

Plaintiff's own summary judgment reply brief does contain medical records that Plaintiff received treatment for his back condition, including Vicodin, through Bronson Prohealth Management Services in December 2006 (prior to his incarceration). (12/04/2006 SOAP NOTE of Daniel P. Steward, M.D.) Dr. Steward, the treating physician in December 2006, noted that a contemporaneous MRI had not shown evidence of nerve impingement, but did show evidence of

mild disc degenerative change and L4-5 mild anterior spur and posterior protrusion. (*Id.*) Based on this record, Dr. Steward "anticipate[d] a very prolonged course for this gentlemen." (*Id.*) Dr. Stewart did not, however, recommend surgery, but did recommend work and motion restrictions and "follow-up with his family doctor." (*Id.*)

## STANDARDS FOR SUMMARY JUDGMENT

The competing motions seek summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's

---

[1]Dismissal is also sought pursuant to Federal Rule of Civil Procedure 12(b)(6). However, since the cross-motion for dismissal raises matters outside the pleadings, the Rule 56 standards govern. *See* Fed. R. Civ. P. 12(d).

favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## LEGAL ANALYSIS

Plaintiff's action is brought under 42 U.S.C. section 1983 and the Eighth Amendment to the United States Constitution. "Deliberate indifference to serious medical needs" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment standard has both objective and subjective components. *Id.* Thus, to be liable, a defendant must know of and disregard an excessive risk to prisoner health or safety. *Farmer*, 511 U.S. at 837.

> Where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976) (cited with approval in *Estelle,* 429 U.S. at 105 n.11, 97 S. Ct. at 291 n.11), deliberate indifference is manifest.

*Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). At the same time, the Eighth Amendment does not strip medical staff of their clinical judgment nor espouse them to liability for simple differences of medical opinion. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). Indeed, as the Sixth Circuit famously said in *Westlake*:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. *See Fitzke v. Shappell*, supra at 1076 n 4. *See also Jones v. Lockhart, supra* at 1194; *Corby v. Conboy*, supra at 254. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *See e.g., Pinon v. Wisconsin*, 368 F. Supp. 608 (E.D. Wis. 1973).

*Westlake*, 537 F.2d at 860 n.5.

In the context of this case, the record, even read most sympathetically, does not support relief by Plaintiff. Plaintiff's private physician's treatment was none too different from Plaintiff's jail medical staff. Nurse Kane provided medical care in a timely way given the nature of the medical need. While it is true that Plaintiff suffered from a serious medical need, he also received treatment from his jailors. The treatment was conservative in nature, but the record does not show that the treatment he received was so obviously deficient so as to violate the rule expressed in *Westlake*. Furthermore, the custodial staff was entitled to rely upon the expertise of Nurse Kane and her clinical judgment, since this was an instance in which the custodial staff was "justified in believing that the prisoner was in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004). The absence of genuine issues of material fact means that summary judgment must be granted to Defendants and this case dismissed with prejudice. Likewise, Plaintiff's request for summary judgment must be denied.

Furthermore, for those reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

## **CONCLUSION**

For the reasons given, Judgment shall enter granting Defendants' motion and denying Plaintiff's motions.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>July 17, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |